**Seyfarth**

**Seyfarth Shaw LLP**

620 Eighth Avenue

New York, New York  10018

**T** (212) 218-5500

**F** (212) 218-5526

cstieber@seyfarth.com

T (212) 218-3382

www.seyfarth.com

May 27, 2026

<u>**VIA CM/ECF**</u>
Hon Arun Subramanian, U.S.D.J.
United States District Court – Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

> **Re:    *Hudgens v. Bloomberg LP***
> <u>**Civil Action No. 1:26-cv-01829-AS**</u>

Dear Judge Subramanian:

We represent Defendant Bloomberg L.P. ("Defendant" or "Bloomberg") (incorrectly identified in the caption as "Bloomberg LP") in the above-referenced action. In accordance with the Court' March 9, 2026, Notice of Initial Pretrial Conference (*see* ECF #3), we write together with counsel for Plaintiff Jordan ("JD") Hudgens ("Plaintiff") to submit a joint letter providing information on the instant case.

## *<u>NEED FOR INITIAL CONFERENCE</u>*

The parties have conferred and do not believe an Initial Conference before Your Honor is needed. Notwithstanding, should the Court have any questions or concerns with the parties' proposed deadlines, the parties remain available to appear before the Court—either in person, virtually, or telephonically.

## *<u>DESCRIPTION OF CASE & PRINCIPAL DEFENSES</u>*

Plaintiff was employed as a Senior Software Engineer in Bloomberg's New York City office from on or about September 11, 2017, through on or about December 4, 2025, which is when Bloomberg terminated Plaintiff's employment.

Plaintiff alleges that Bloomberg discriminated against him based on his disability (actual or perceived), and his association with an individual with a known disability (his son) when Bloomberg purportedly removed his job responsibilities, provided him unjustified critical performance feedback, stalled his compensation, and denied a 2024 flexible work arrangement request. Plaintiff also alleges that criticism of his performance escalated in retaliation for the protected complaints he made on or about March 6, 2025, and on or about April 23, 2025. Ultimately, Plaintiff alleges that Bloomberg retaliated against him by firing him in December 2025 while he was out on medical leave. Plaintiff brings claims under the Americans with Disabilities



Hon Arun Subramanian, U.S.D.J.
Civil Action No. 1:26-cv-01829-AS
May 27, 2026
Page 2

Act, the Family and Medical Leave Act, the New York State Human Rights Law, and the New York City Human Rights Law.

Bloomberg denies the material allegations in the Complaint and denies liability under all applicable laws, as set forth in its Answer. Among other defenses, Bloomberg maintains that it had a legitimate, non-discriminatory and non-retaliatory reason for terminating Plaintiff's employment, and that it made such decision without regard for any of Plaintiff's alleged protected activity. More specifically, Bloomberg terminated Plaintiff's employment due to his poor performance, and made the decision to terminate Plaintiff's employment before he notified Bloomberg of his leave of absence request in fall 2025 or his remote work request in October 2025. Bloomberg also maintains that there is no evidence that its decisions were pretextual.

### *EXPLANATION OF JURISDICTION AND VENUE*

This Court has jurisdiction over Plaintiff's claims, as alleged, pursuant to 28 U.S.C. § 1331 and § 1343 and under 29 U.S.C. § 2617. Venue is proper pursuant to 28 U.S.C. § 1391. Defendant denies any violation of law.

### *STATEMENT OF ALL EXISTING DEADLINES, DUE DATES, AND/OR CUT-OFF DATES*

On or before June 10, 2026, the parties are required to exchange documents pursuant to the District's Initial Discovery Protocols.

### *DESCRIPTION OF OUTSTANDING MOTIONS*

There are no outstanding motions at this time. Additionally, the parties do not presently anticipate motion practice prior to dispositive motions. To the extent discovery disputes arise during the course of this litigation, the parties will meet and confer to resolve any such issues before seeking leave of Court to engage in motion practice.

Defendant may make a motion for summary judgment, and both parties may make motions *in limine*. The parties will make those determinations at the appropriate times in accordance with the Court's rules.

### *DESCRIPTION OF DISCOVERY THAT HAS TAKEN PLACE*

On May 11, 2026, Defendant timely filed its Answer and Affirmative and Other Defenses to Plaintiff's Complaint. (*See* ECF #9). Consistent with Your Honor's March 9, 2026, Order, the parties shall provide to one another the documents and information described in the Initial Discovery Protocols by June 10, 2026.

### *LIST OF PRIOR SETTLEMENT DISCUSSIONS*

To date, the parties have engaged in preliminary settlement discussions, but have not been successful in reaching resolution. Plaintiff's counsel, Emily Bass, and Bloomberg's in-house attorney, Lauren Fishkoff, had several telephone conferences to discuss the possibility of resolution in Spring 2025 (before Mr. Hudgens' employment was terminated). Those efforts were unsuccessful.



### *STATEMENT CONFIRMING THE PARTIES HAVE DISCUSSED THE USE OF ADR*

On May 11, 2026, the Court issued an Order of Automatic Referral to Mediation. (*See* ECF #10). The parties have conferred and are amenable to participating in the Court's Mediation Program. Should the parties not be able to resolve the case at that time, the parties believe that some discovery, including, but not limited to, depositions, might be useful before exploring the possibility of a second settlement conference—either before a private mediator or a United States Magistrate Judge.

### *ANY ADDITIONAL INFORMATION*

The parties note for the Court that they have requested six months for the completion of fact discovery given that this case will involve the collection of extensive medical records and because Plaintiff's allegations concern a series of adverse actions taking place over a four year period. The parties will inform the Court during the course of this litigation should they experience any trouble retrieving records and require the Court's assistance.

*       *       *       *

The parties thank the Court for its time and attention to this case.

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Courtney Stieber*
Courtney Stieber, Esq.

CS/dso
cc:     Counsel of Record (via CM/ECF)